## Anton Blatz v. William H. Denniston, Appellant.

*Contracts—Agreement to sell real estate—Merger.*

An agreement to sell real estate "clear of all incumbrances" is not superseded by a deed executed pursuant to the agreement and containing only a clause of general warranty.

Argued April 12, 1898.   Appeal, No. 96, April T., 1898, by defendant, from judgment of C. P. No. 21, Allegheny Co., April T., 1897, No. 539, for want of a sufficient affidavit of defense.   Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Assumpsit on articles of agreement to sell real estate clear of incumbrances.

It appears from the record that William H. Denniston, the defendant, by articles of agreement entered into with the plain-

tiff, agreed to purchase from the plaintiff certain lots of land and assume the payment of certain mortgages existing as an incumbrance against said lots. The plaintiff executed and delivered to Denniston a deed of general warranty for the lots aforesaid, and no reference whatever was made to said mortgages upon the lots described therein. Subsequently the mortgages were foreclosed and there was a deficiency of $405, and suit was brought upon the bonds against the plaintiff and judgment recovered against him.

Defendant filed a demurrer to the statement, which was overruled. An affidavit of defense was then filed, admitting the facts as alleged in the statement and setting up that the agreement upon which the action was based was merged in the deed upon which the premises were conveyed and that said deed does not contain any covenant or agreement whereby defendant assumes any mortgage or other indebtedness. And that the assumption of the mortgage mentioned in said article of agreement upon which suit is brought, does not place any personal liability upon the defendant.

The court entered judgment in favor of the plaintiff for want of a sufficient affidavit of defense. Defendant appealed.

*Errors assigned* were (1) overruling defendant's demurrer. (2) Making absolute the rule for judgment for want of a sufficient affidavit of defense.

*George M. Hosack*, with him *John A. Murphy*, for appellant. —There being no attempt to reform a deed on the ground of fraud, accident or mistake, previous understandings of the parties are merged in the deed: Madore's Appeal, 129 Pa. 15.

If the failure to have the assumption of the mortgages written in the deed was by mistake, the plaintiff's remedy is by bill in equity to reform the deed: Gump's App., 65 Pa. 476.

*Albert H. Moeser*, for appellee.—Our claim is on the personal liability of W. H. Denniston to us under his agreement to assume these mortgages. To recover this, assumpsit was brought. It is the proper and perhaps the only remedy: Stockton v. Gould, 149 Pa. 68.

Merger is largely a question of intention, and where there is

no intention that there shall be a merger, equity will not hold that a charge upon land is·extinguished: Carrow v. Headley, 155 Pa. 96.

By assuming the mortgages Denniston became personally liable to Blatz for their payment. To assume means to pay, to become liable for: Braman v. Dowse, 66 Mass. 227; Sparkman v. Gove, 44 N. J. L. 252.

OPINION BY PORTER, J., May 9, 1898:

·We held in the case of Lehman v. Paxton, ante, p. 259, that an agreement to sell real estate " clear of all incumbrances " is not superseded by a deed executed pursuant to the agreement and containing only a clause of general warranty. That case rules the one before us. Here by agreement the purchaser of real estate covenanted to assume the payment of certain mortgages on the property to be conveyed. The grantee failing to perform his said promise, the grantor was obliged to discharge the balance remaining unpaid after a foreclosure sale by the sheriff under the mortgage. The grantor now sues the grantee for the amount the former was thus required to pay.

A further authority for affirming the action of the court below is found in Stockton v. Gould, 149 Pa. 68. In that case the contracting parties agreed to exchange properties and assume the mortgages respectively thereon. One of the parties after the deeds were delivered, performed his agreement by paying off the mortgage which he had assumed. The other did not. The loss thus resulting was made the subject of a suit founded on the agreement of sale. A recovery was had and sustained.

We find in these authorities ample warrant for the entry of judgment by the court below, on the affidavit of defense.

The assignments are dismissed and the judgment affirmed.