## Stewart v. Trimble.

*Contract—Agreement to purchase land—Evidence—Deed.*

A vendor is not relieved from the performance of the stipulations of his contract of sale in respect to which the delivery of the deed did not work a performance.

An oral agreement made before or at the time of the sale of real estate under which the vendor assumes obligations collateral to the conveyance of the title, is not merged in the deed subsequently executed.

Where an agreement for the sale of land stipulates that a house on the lot is to be completed before date of settlement, the subsequent acceptance of the deed is evidence of conceded completion, but is not conclusive of the fact of completion in the manner agreed by the parties; and in an action on a due bill given at the date of the settlement for a portion of the unpaid purchase money, the vendee may show that representations and promises were made to him when the contract was signed, to the effect that the house in construction was made of the best material and workmanship, and that it would be completed in first-class shape, and

everything should be satisfactory; but that these representations were not true, and the promises were not kept.

Where a vendor of land represents that a building which was to be completed before the date of settlement was made of the best material and workmanship, and that it would be completed in first-class shape, and after the purchaser has gone into possession, defects in plastering and drainage due to radical defects in construction, and to the use of improper materials, become manifest, the purchaser may set up these defects as a defense in an action on a due bill for a portion of the unpaid purchase money, when it appears that the defects were not manifest, and had not developed their true character and importance when the due bill was given.

*Vendor and vendee—Fraudulent representations—Evidence—Parol evidence.*

In an action on a due bill for the unpaid portion of the purchase money of a house and lot, when the evidence shows that the plaster from the walls and ceilings in nearly every room in the house fell in large quantities within a few months of the time of the execution of the deed and the construction of the house, without being attributable to any unusual cause, and that the vendor had notice from his contractor that the plaster was unfit, the vendee may show that at the time of the sale of the house the vendor represented that it was constructed of the best material and workmanship, and that such representations were false. In such a case the defects in construction in connection with the representations were a fraud upon the vendee's rights.

Argued Oct. 12, 1900. Appeal, No. 131, Oct. T., 1900, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1898, No. 262, on verdict for defendant in case of Charles H. Stewart v. James Trimble. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a due bill. Before AUDENRIED, J.

At the trial when the plaintiff was called as for cross-examination the defendant's counsel proposed to prove by him that the due bill for which suit is brought represents part of the purchase price paid by Mr. Trimble, or agreed to be paid by Mr. Trimble, for a house and lot purchased from Mr. Stewart, the plaintiff; that Mr. Stewart's agent, George G. Brooke, stated to Mr. Trimble at the time he purchased the same, and as an inducement to Mr. Trimble to purchase, that the material and workmanship in said house was first-class in every particular, and that such portions of the workmanship and material that were not first-class would be made so to the satisfaction of the defendant; that, relying upon these representations, he

made the settlement and executed the due bill upon which suit
has been brought.   He further proposed to prove that the
drainage pipes were so negligently and carelessly laid that the
drainage flowed into the cellar and made the same unhealthy;
that, after notifying the plaintiff to repair the same, he, James
Trimble, was compelled to have the same relaid at an expense
of $50.00.   He further proposed to prove by Mr. Trimble that
he had to replaster various portions of the premises on account
of the plastering in many of the rooms, halls and cellar-ways of
the house not having adhered to the lath, having cracked and
broken off.   Also that repairs had to be made to the chimney
and brick work of the house after the date of the due bill.

Mr. Burr objected to the admission of this evidence as being
oral evidence intended to contradict and modify the written
contract between the parties.   Mr. Burr also objected to any
evidence on the ground of repairs to the chimney or brick
work as being special matter not included in the notice of spe-
cial matter.

Objection renewed.   Objection overruled.   Exception for
plaintiff.  [1].

The facts of the case are fully stated in the opinion of the
Superior Court.

Defendant presented this point:

2. If the jury believe that the undertakings in the due bill
have been performed by plaintiff or accepted as performed by
defendant, the verdict must be for the plaintiff.   *Answer:* Re-
fused. [2]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* among others were (1) rulings on evidence,
quoting the bill of exceptions.   (2) Above instruction, quot-
ing it.

*Reynolds D. Brown*, with him *Malcolm Lloyd, Jr.*, and *Charles
H. Burr, Jr.*, for appellant.—A written document may be modi-
fied by parol evidence only when the evidence is clear, precise
and indubitable: Thomas v. Loose, Seaman & Co., 114 Pa. 35;
Halberstadt v. Bannan, 149 Pa. 51; Strickland v. Isett, 186 Pa.
280; Gaynor v. Williamsport, etc., R. R. Co., 189 Pa. 5.

The settlement itself will supersede any agreement or warrant

made at the time the contract to buy was made: Seitzinger v. Weaver, 1 Rawle, 377; Dinsmore v. Biggert, 9 Pa. 133; Crotzer v. Russel, 9 S. & R. 78; Creigh v. Beelin, 1 W. & S. 83; Cromister v. Cromister, 1 W. & S. 442; Jones v. Wood, 16 Pa. 25; Share v. Anderson, 7 S. & R. 43; McKennan v. Doughman, 1 P. & W. 417; Worthington v. Gross, 72 Ill. App. 337; Disbrow v. Harris, 122 N. Y. 362.

*John Weaver*, with him *Frederick S. Drake*, for appellee.— Under the state of facts there was no evidence offered to contradict or vary the terms of a written instrument. It was but to prove the fraud: Frederick v. Campbell, 14 S. & R. 293; Wolfe v. Arrott, 109 Pa. 473; Walker v. France, 112 Pa. 203; Com. v. Julius, 173 Pa. 322; Thudium v. Yost, 20 W. N. C. 217; McGrann v. Pittsburg & Lake Erie R. R. Co., 111 Pa. 171; Wanner v. Landis, 137 Pa. 61; Ferguson v. Rafferty, 128 Pa. 337.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901:

The defendant, by written agreement made in January, 1898, purchased from the plaintiff and his partner a lot of ground. Settlement was agreed to be made on April 10, 1898. On the land was a house in process of construction. The written agreement refers to the land as "the middle lot of three lots on the property of the Robert Stewart estate, recently built upon by the parties of the first part," etc. The only stipulation in the agreement respecting the house is, "The house on the above described lot to be completed before date of settlement." The defendant went into possession toward the end of March. On April 20, 1898, the settlement took place. A deed was then delivered and accepted for the property and purchase money paid with the exception of $250. For this amount a due bill was given by the defendant, in this form: "Due Charles H. Stewart $250, balance of settlement money for purchase of house at St. David's, Penna., payable when all repairs to chimney and brickwork, painting of porch, grading and erection of front fence are complete."

The appellant complains that the defendant was permitted to show that representations and promises were made to him when the contract was signed, that the house in process of con-

struction was made of the best material and workmanship, and that it would be completed in first-class shape and everything should be satisfactory. The defendant alleges that by reason of these representations and oral agreements, he was induced to make the purchase of the land and of the house to be completed. The plaintiff contends that such evidence was inadmissible, because the written agreement of purchase for the house contained the contract of the parties, and that this agreement was merged into the deed subsequently delivered and accepted. As has been shown, the written agreement of purchase of the land contained but two references to the house in process of construction. One is a mere recital, the other is a stipulation that it shall be " completed before date of settlement." It is apparent that the written agreement gives none of the details relating to the manner or character of completion. Some of the cases in Pennsylvania hold generally, that by the acceptance of a deed pursuant to an agreement of sale, the terms of the agreement merge in the deed. There are, however, exceptions to this rule. In Lehman v. Paxton, 7 Pa. Superior Ct. 259, and Blatz v. Denniston, 7 Pa. Superior Ct. 310, we held that by the vendee's acceptance of the deed, the vendor is not relieved from the performance of the stipulations of his contract of sale in respect to which the delivery of the deed did not work a performance.

In the case before us, the contract to convey land and the contract to complete the building were, in a sense, severable. The contract to convey was performed by the delivery of the deed ; but the contract to complete was not. While the acceptance of the deed was evidence of conceded completion, yet it was not conclusive of the fact of completion in the manner agreed by the parties. The evidence submitted by the defendant supplied, in part, the terms of the contract relating to the manner and character of completion, and, in effect, was scarcely more than expressing what the law implied. For the purpose for which it was offered it was sufficiently clear and precise. It was substantially·uncontradicted, and consisted not wholly of the defendant's own testimony. It was to the effect, that the work done when the defendant bought was represented to be of the best character and quality, and that the work to be done was agreed to be performed in a workmanlike manner.

In this action for a part of the purchase money (in which the cost of completing the house was included), he sets up a violation of the terms, not of the contract to convey, but of the contract to complete.

But further than this, an oral agreement given before or at the time of the sale of real estate, or afterwards, in respect to indemnity for failure of title is not merged in a deed subsequently accepted. In Close v. Zell, 141 Pa. 390, this language is used: "It thus appears from the cases now cited that, whether the agreement for indemnity was made before or at the time of the sale, or afterwards, the right to recover indemnity in an action on the special agreement is sustained, and that whether the agreement was by writing or in spoken words is a matter of indifference. Such an agreement is not merged in the deed if made before or at the time of the deed, and is not destroyed by a covenant of general warranty in the deed if made thereafter." If then oral agreements respecting the title are not merged in the deed, how much greater latitude should be given to the introduction of proof of oral agreements respecting not matters involving title, but obligations assumed collateral to the conveyance of title.

It is, however, further contended that the allegation of the use of bad material and workmanship in the plastering and drainage was not made until the defendant had been a number of weeks in possession, and that this delay estopped him from setting up the defects as a defense. The character of the defects was such as not to be visible. The defects did not appear immediately. They were of a serious and damaging character. In this action, regarded as a suit for the balance due for completing the building of a house, and the bad workmanship and material having been discovered before the balance was paid, it was within the right of the defendant to set up the failure to perform the alleged stipulations of the contract for completion.

It is further contended that by giving the due bill in suit, the defendant is estopped from setting up the defense alleged. This is based upon the allegations that the defendant when he gave the due bill, had already discovered some defects in the plastering and drainage, and that he should have included these matters, if they existed, among the things to be performed before payment should be required of the due bill; and that the

terms of the original contract became merged in the settlement, thus making inadmissible the evidence in respect to the alleged defects in the plastering and drainage. The answer to these contentions is that at the time when the due bill was given, the imperfections in the plastering and drainage were not so developed as to warrant the assumption that they were due to radical defects in construction and to the use of improper materials, but were open to the explanation that they were temporary and trifling defects incident to all new construction. If the defects were manifest at the time of the giving of the bill and were of the character now shown by the evidence, the contention of the plaintiff would have some substantial foundation. But defects which were not manifest and had not developed their true character and importance when the due bill was given, were not waived as to their effect by the giving of the due bill. If a contract be made with a builder to construct a house, and, unknown to the owner, the builder plasters the walls with bad material and covers them with wallpaper, it can scarcely be contended that in a suit on a note given for a part of the price of construction, the owner may not set up the defect in construction because he accepted the work in ignorance of the concealed violation of the contract.

The defendant contends that the defects in construction in the case before us, were such as to amount to a fraud on him. There is foundation for this contention. When the plaster from the walls and ceilings in nearly every room in a house falls in large quantity about the ears of the occupants within a few months of the time of construction, without being attributable to any unusual cause, and the plaster itself is shown to have been used after notice to the builder by his contractor that it was unfit, the facts go far toward showing a fraud committed in the making of the representations asserted in this case, and open the door to the testimony admitted respecting such representations: Wolfe v. Arrott, 109 Pa. 478; Commonwealth to use v. Julius, 173 Pa. 322; Frederick v. Campbell, 14 S. & R. 293.

We are of opinion that no error was committed in the trial below and that the judgment should be and it now is affirmed.