## Kravitz v. Mudry

274

*Frank Carano*, for plaintiff.

*Samuel E. Kratzok*, for defendant.

BURCH, J., April 10, 1962.—This is an action in assumpsit. The parties on November 3, 1956, entered into a written agreement of sale for a house under construction at 1103 Chesworth Road, Philadelphia. The complaint avers that prior to entering into the agreement of sale plaintiffs-purchasers pointed out to defendant certain defects in materials and workmanship, and in order to induce plaintiffs to enter into the agreement of sale defendant agreed to remedy the defects before settlement; that the defects were not remedied and that plaintiffs refused to take title or make settlement; that defendant agreed to remedy the defects and plaintiffs made settlement in reliance upon this oral agreement of defendant; that because of the failure of defendant to remedy the defects plaintiffs sustained damage to the extent of $3597.96.

After a lengthy trial before Judge Gilbert and a jury, there was a verdict for plaintiffs. A new trial was granted by the court en banc and the case was listed before the writer on September 27, 1961. At the bar of the court, counsel entered into a stipulation providing that the case was to be submitted for decision as a case stated and that each party was to draw up a statement of his version of the case.

Plaintiffs set forth the facts as pleaded in the complaint with the provision that if the court held that evidence of the alleged oral agreement of defendant

was admissible, a finding is to be entered in favor of plaintiffs in the sum of $3597.96 with interest thereon from January 22, 1957; and if such evidence is inadmissible a finding is to be entered in favor of defendant.

Defendant's statement asserts the position that the evidence is inadmissible under the agreement of sale particularly because of the provision that the writing represents the entire agreement between the parties; that the seller is not responsible for any agreement, condition or stipulation not specifically set forth in the agreement.

The agreement also contains a provision that acceptance of key or deed or entry of possession by the buyer is an acceptance of the premises and constitutes a release of the seller with respect to the construction, completion or delivery of the premises.

Defendant's position constitutes a waiver of proof of damages by plaintiffs and is in effect a demurrer or a motion for judgment on the record.

We believe that defendant's position as to the law is untenable, even though the agreement of sale is a full and complete agreement precluding the admissibility of any prior understandings. The agreement covered the construction of an unfinished house. The builder still had the duty of constructing a house according to specifications reasonably free of defects: Stewart v. Trimble, 15 Pa. Superior Ct. 513 (1901). If the builder or vendor failed to properly construct the house the purchaser could refuse to accept the deed or to make settlement. Under the circumstances, the waiver of this right to refuse to make settlement furnishes a valid consideration for the agreement by the vendor to make the necessary repairs after settlement. Thus, the cause of action is based on an entirely separate agreement, distinct from the agreement of sale. Since this separate agreement is supported by consideration, it is legally enforceable and evidence to establish this agreement

is clearly admissible. Hence, pursuant to the stipulation of the parties, we find for plaintiffs in the sum of $3597.96 with interest from January 22, 1957.