**Kaniefski v. Kelly**

*Joseph E. Pappano*, for plaintiffs.
*Stanley R. Kotzen*, for defendant.

DeFURIA, J., July 31, 1969.—Plaintiffs, as buyers, entered into an agreement of sale to purchase a lot in Aston Township from defendant, builder-developer, who was to construct thereon a home similar to a completed sample.

Prior to the settlement date, buyers sent defendant a list of alleged deficiencies to be corrected, including the settling of the recreation room floor. In the written notice of deficiencies, buyers averred that the builder had agreed to replace the settling floor. Defendant replied by letter, and, as to the recreation floor, denied promising replacement, but added, ". . . if it is settling . . . we will have it looked into, and if it is our responsibility, we will correct it."

At settlement, plaintiffs allege that defendant orally promised to remedy any deficiencies in construction if plaintiffs would complete settlement.

To plaintiffs' amended complaint, defendant filed an answer containing new matter. Plaintiffs filed a reply and defendant now asks for judgment on the pleadings.

Defendant herein maintains that parol evidence cannot vary the terms of a written instrument. Therefore, any agreements, prior to settlement, are of no

effect because the agreement of sale specifically provides that acceptance of key or deed or entry into possession is an acceptance of completion and release of the builder. It further provides that any modification of the agreement must be in writing and signed by the parties.

Also, defendant notes that any subsequent promise to carry out the subsisting contract must be supported by consideration (Nicolella v. Palmer, 432 Pa. 502 (1968)), and proved by clear, precise and convincing evidence, since the promisor agrees to do no more than he is already obligated to do.

Thus, there remains for decision here two issues. Was the written agreement modified by subsequent writings? If not, were the oral promises alleged, made subsequent to the written agreement, based upon adequate consideration to support an action for breach thereof?

We believe the letters between the parties modified the agreement of sale. The builder recognized his obligation to complete properly, and promised to remedy any defect even after settlement, and despite any release of him therein. Where is the consideration for such promise? In the waiver by buyer of his right to refuse to proceed with settlement until proper completion of construction.

The Superior Court affirmed the lower court which so held *where only oral promises were alleged.* In the instant case, plaintiffs allege both oral and written promises.

The language of the court in Kravitz v. Mudry, 29 D. & C. 2d 273 (1962), affirmed per curiam, 200 Pa. Superior Ct. 240, disposes of the issues herein:

"We believe that defendant's position as to the law is untenable, even though the agreement of sale is a full and complete agreement precluding the admissibility of any prior understandings. The agreement

covered the construction of an unfinished house. The builder still had the duty of constructing a house according to specifications reasonably free of defects: Stewart v. Trimble, 15 Pa. Superior Ct. 513 (1901). If the builder or vendor failed to properly construct the house the purchaser could refuse to accept the deed or to make settlement. Under the circumstances, the waiver of this right to refuse to make settlement furnishes a valid consideration for the agreement by the vendor to make the necessary repairs after settlement. Thus, the cause of action is based on an entirely separate agreement, distinct from the agreement of sale. Since this separate agreement is supported by consideration, it is legally enforceable and evidence to establish this agreement is clearly admissible."

Judgment on the pleadings cannot be granted where the issues are not free and clear from doubt: Levin v. Blue Mountain Dairy, Inc., 407 Pa. 566 (1962). These issues of fact are to be determined at trial.

### ORDER

And now, July 31, 1969, defendant's motion for judgment on the pleadings is denied and dismissed.