## Ketterer Manufacturing Company *v.* Baltic Brewing Company, Limited, Appellant.

*Affidavit of defense—Contract—Breach of warranty.*

In an action on a promissory note, an affidavit of defense is sufficient which avers that the notes were given in part payment for repairing, painting and lettering a wagon and beer truck, that in this work the plaintiff guaranteed and expressly warranted the best workmanship and the use of the best material, that by reason of unfit material and defective workmanship the paint and lettering peeled off, that the defendant would be obliged to have all the work done over again, that these defects were not apparent when the wagon and truck were delivered, that they could not have been discovered by inspection, and that they were in fact discovered only after the vehicles had been put into use.

Argued Oct. 9, 1902.    Appeal, No. 40, Oct. T., 1902, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1901, No. 4077, for want of a sufficient affidavit of defense in case of Ketterer Manufacturing Company v. Baltic Brewing Company, Limited.    Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.    Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Benjamin F. Perkins*, with him *John F. Keator*, for appellant.—There can be no waiver without knowledge: Guthrie v. Horner, 12 Pa. 236; Nixon v. McCrory, 101 Pa. 289; Bacon v. Scott, 154 Pa. 250; Baugh & Sons Co. v. Mitchell, 166 Pa. 577.

On breach of the express warranty the defendant had its election either (1) to notify the plaintiff and reject the performance; or (2) to accept performance as made and hold the plaintiff on the warranty: Steigleman v. Jefferies, 1 S. & R. 477; Frankenfield v. Freyman, 13 Pa. 56.

We take the defendant's damages to be the difference in value of the work as done, and as it should have been done, one way of estimating which is what would it cost to complete the work according to the terms of the contract, plus any loss resulting from the additional time that might be consumed in such completion: Kidd v. McCormick, 83 N. Y. 391; Hays v. Wilkinsburg, etc., St. Ry. Co., 32 Pitts. Legal Jour. 216; Erie, etc., R. R. Co. v. Johnson, 101 Pa. 555; Theiss v. Weiss, 166 Pa. 9; 2 Sedgwick on Damages (8th ed.), sec. 625; Brown v. Foster, 51 Pa. 165.

*Thomas Cahall*, with him *Charles C. Lister*, for appellee.— That the courts do not readily sustain a defense, where they are asked to say (as here) that a man may order work done, use the same without any complaint or request that any defects in it be remedied, derive all the benefits that he expected and then refuse to pay for the same by swearing that the work was defectively done, see Deering Harvester Co. v. Streeper, 16 Montg. 41; Graham v. Hull, 8 Pa. C. C. 202; Gausler v. Bridges, 13 Pa. Superior Ct. 646; Sweigard v. Ice Co., 15 Pa. Superior Ct. 285; American Watch Tool Co. v. Reed Mfg. Co. 18 Pa. Superior Ct. 24; Dailey v. Green, 15 Pa. 118; Vollmer v. Magowan, 180 Pa. 110.

OPINION BY ORLADY, J., February 11, 1903:

The plaintiff brought suit to recover on two notes dated August 27, 1902, at one and two months, for $50.00 each, and obtained a judgment on a rule for want of a sufficient affidavit of defense. The defense was that the plaintiff contracted to repair, paint and letter a wagon, and guaranteed and expressly war-

ranted the best workmanship and the use of the best materials, upon which warranty the defendant relied.   The whole charge was $113.14, of which $13.14 was paid in cash and the notes on which this suit was brought were given for the balance about the time the work was finished.   Under a separate contract, near the same date, the plaintiff agreed to repair, paint and letter a beer truck for the defendant upon the same conditions ; the charge of $78.70 therefor was paid in cash at the time the truck was returned to the defendant.   It is specially averred that the defective character of the work and the materials was not apparent, neither could it have been discovered by inspection of the wagon and truck when finished, but that it was only when the vehicles were put into use that the defects stated were discovered, namely, " That by reason of unfit material and defective workmanship, the paint and lettering upon the wagon peeled off and rendered the wagon in such condition that the defendant would be obliged to have the same entirely repainted and relettered to put it in the condition the plaintiff, by the terms of his contract, should have put it in."   It is further averred that " the defendant will be obliged to expend certain mentioned sums of money in order to have the wagon and the beer truck repainted and relettered, and that he also will have to suffer the loss of the use of his wagons, so that by reason of the breach of the plaintiff's warranty, the defendant has suffered damages aggregating the sum of $120."   It has been frequently held that the affidavit of defense is to be taken most strongly against the defendant, as it is to be presumed that he has made it as favorable to himself as his conscience would allow ; and for the purpose of preventing judgment on an affidavit of defense, the court will assume the facts to be as stated in the affidavit.   In this case the affidavit sets forth substantially a breach of contract and of duty on the part of the plaintiff by means whereof the defendant was injured ; and he may claim in this action such damages as he has sustained by reason of the plaintiff's failure to comply with his contract : Nixon v. McCrory, 101 Pa. 289.   The mere fact that the defendant received the wagons at a time and under circumstances when he was induced to believe that the plaintiff had fully complied with his contract, and that subsequently, in the use of the wagons, it became apparent that he had been misled, and that the work had been so defectively done as to amount to a sub-

stantial injury, would not preclude a defense to the claim, even if he had given a note therefor. As was said by BLACK, J., in Bryant v. Stilwell, 24 Pa. 314, when a mechanic bargains to build a good house, he cannot put his employer off with a bad one. He must lose his labor if he does not expend it in the manner agreed upon. The most serious defects may not be observable even by the sharpest eye until the work is finished. He confides in the skill, as well as the honesty, of the man he employs. For these reasons the general rule is that if the contractor slights or bungles his work, he cannot justify himself merely by showing that the owner was present when he was wronged, and that he made no objection. As to the painting, the plaintiffs were bound to find good material and put it on properly. If they did so, and it afterward peeled off in consequence of some cause over which they had no control, they were not responsible. The plaintiffs were bound to do their work strictly according to the contract, and if they did that, they were not insurers against other injuries. See also Hartupee v. Pittsburg, 97 Pa. 107 ; Moore v. Carter, 146 Pa. 492. In the case before us it is sufficiently averred that there was no time or opportunity to make any test of the work, and that the notes were given on the assumption that it had been finished in accordance with the terms of the contract. Taken together, the affidavits expressly aver a breach of the contract and the damages resulting therefrom, which facts are sufficient to send this case to the jury: Bacon v. Scott, 154 Pa. 250. The rule and its reason are tersely stated in Stewart v. Trimble, 15 Pa. Superior Ct. 513, as follows : " If the defects were manifest at the time of the giving of the bill and were of the character now shown by the evidence, the contention of the plaintiff would have some substantial foundation. But defects which were not manifest and had not developed their true character and importance when the due bill was given, were not weighed as to their effect by the giving of the due bill. If a contract be made with a builder to construct a house and, unknown to the owner, the builder plasters the walls with bad material and covers them with wall-paper, it can scarcely be contended that in a suit on a note given for a part of the price of construction, the owner may not set up the defect in construction because he accepted the work in ignorance of the concealed violation of the contract."

The plaintiff would be presumed to know the quality of the material used and the workmanship by which it was applied, while the defendant could hardly be expected to have any knowledge in regard to such matters. His information would come through the use of the wagon, and if, as stated in the affidavits of defense, immediately after they were put into service the paint and lettering began to peel off so as to require repainting and relettering, the case should have been sent to a jury to pass upon the facts. In the light of such averments, it would be premature to declare judicially upon the excellence of the work done for which the notes were given. The defects alleged are stated with sufficient clearness to inform the plaintiff and the court of the true nature of the defense.

The judgment is reversed, and a procedendo awarded.