Raab et ux. *v.* Beatty, Appellant.

Argued April 24, 1929.

Before TREXLER, KELLER, GAWTHROP, CUN-NINGHAM and BALDRIGE, JJ.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant, cited: Titus v. Poland Coal Co., 263 Pa. 24; Dobkin v. Landesberg et ux., 273 Pa. 174; Stoever et al. v. Gowen et al., 280 Pa. 424; Abbott et ux. v. Automobile Finance Co., 287 Pa. 505; Dick et ux. v. McWilliams, 291 Pa. 165.

576

*Charles L. Wilmot,* and with him *David E. Bollinger,* for appellees, cited: Nicholson's Pennsylvania Law on Real Estate, Par. 154, page 197; Dobkin v. Landesberg, 273 Pa. 174; Harbold v. Kuster, 44 Pa. 392; Close v. Zell, 141 Pa. 390; Richardson v. Gosser, 26 Pa. 335; Lehman v. Paxton, 7 Pa. Superior Ct. 259; Stockton v. Gould, 149 Pa. 68; Bricker v. Kline, 86 Pa. Superior Ct. 594.

OPINION BY BALDRIGE, J., July 2, 1929:

Beatty, a builder, agreed to convey to the plaintiff a lot of ground on which a foundation had been partly laid, and to erect a house "identical in construction, etc., to the one erected on the adjacent lot." The house in due time was completed, and in appearance and size appeared to be like the one on the next lot, but the plaintiff contended that the house was not built in a workman-like manner in that an old stump was left in the ground and the foundation built over it. As a result, the house settled, the walls cracked, and the plaintiff maintained that his property was damaged. The jury so found.

The defendant takes the position that as the deed was accepted without reservation or exception that there was a merger of all the covenants in the agreement so that it cannot be the basis of an action. We concede that the general rule is that a deed includes all prior negotiations and agreements leading up to the execution of the deed: Harbold v. Kuster, 44 Pa. 392; Dobkin v. Landsberg, 273 Pa. 174. This principle does not apply, however, to matters not consummated by the delivery of the deed. The conveyance of the land was but a part performance of the undertaking. The construction of the house was an important provision in the contract, but of an entirely different nature to and distinct from the covenant to sell the land.

The case of Stewart v. Trimble, 15 Pa. Superior Ct. 513, is very much in point. The defendant purchased, under a written agreement, a lot of ground. On the land was a house in process of construction which was to be completed before April 10, 1898, when settlement was to be had. The defendant entered into possession at the end of March; the deed was delivered and accepted and all the purchase money, except two hundred and fifty ($250) dollars, was paid, which was evidenced by a due bill. Before this amount was paid, defects appeared in the material and workmanship in the house, and the defendant refused to pay it. Thereupon, a suit was brought. Judge W. W. Porter, in delivering the opinion, held as follows: "Some of the cases in Pennsylvania hold, generally, that by the acceptance of a deed pursuant to an agreement of sale, the terms of the agreement merge in the deed. There are, however, exceptions to this rule. ...... In the case before us, the contract to convey land and the contract to complete the building were, in a sense, severable. The contract to convey was performed by the delivery of the deed; but the contract to complete was not. While the acceptance of the deed was evidence of conceded completion, yet it was not conclusive of the fact of completion in the manner agreed by the parties."

In Bricker v. Kline, 86 Pa. Superior Ct. 594, Judge Keller, delivering the opinion of this court, said: "The general principle applicable was stated in Seitzinger, Admr., v. Weaver, Admr., 1 Rawle 377, 384, as follows: 'The presumption of law is that the acceptance of a deed in pursuance of articles, is satisfaction of all previous covenants; and, where the conveyance contains none of the usual covenants, the law supposes, that the grantee agreed to take the title at his risk, or else, that he would have rejected it altogether.

...... There are of course exceptions to the rule, as when the articles of agreement contain collateral covenants relating to rights which do not follow from a subsequent deed.' "

The alleged breach was not that of the contract to convey, but of the covenant to complete the construction of the house in a workman-like manner. The acceptance of the deed did not relate to the legal duty of the defendant to complete the construction of the house and did not debar this plaintiff from bringing his action for the failure of the defendant to comply with the terms of the agreement: Dick v. McWilliams, 291 Pa. 165.

The appellant further complains that the house had been inspected and accepted and settlement made under the contract, and therefore damages are not recoverable in the absence of fraud. The alleged defects in the construction were hidden and not discovered until after occupancy of the house by the plaintiffs. The testimony showed that a portion of the foundation had been built but the defect was under the wall, so that a reasonable inspection would not have revealed the imperfection in construction and workmanship; therefore, there was no waiver of the defects by the acceptance of the deed, even in the absence of fraud.

Bryant v. Stilwell, 24 Pa. 314, was an action on a written agreement by which the defendant promised to pay the plaintiffs a said sum for building a house. The defense was that the work was done in accordance with the agreement. Judge BLACK said that "when a mechanic bargains to build a good house, he cannot put his employer off with a bad one. ...... The most serious defects may not be observable, even by the sharpest eye, until the work is finished. For these reasons, the general rule is, that when the contractor slights or bungles his work, he cannot justify

himself merely by showing that the owner was present when he was wronged, and made no objection." See also Ketterer Mfg. Co. v. Brewing Co., 22 Pa. Superior Ct. 210; Hartupee v. City of Pittsburgh, 97 Pa. 107.

As Judge PORTER in Stewart v. Trimble, supra, said, on page 518: "It is, however, further contended that the allegation of the use of bad material and workmanship in the plastering and drainage was not made until the defendant had been a number of weeks in possession, and that this delay estopped him from setting up the defects as a defense. The character of the defects was such as not to be visible. The defects did not appear immediately. They were of a serious and damaging character ...... the bad workmanship and material having been discovered before the balance was paid, it was within the right of the defendant to set up the failure to perform the alleged stipulation of the contract for completion. ...... But defects which were not manifest and had not developed their true character and importance when the due bill was given, were not waived as to their effect by the giving of the due bill."

Neither Miller and Sons Co. v. Homeopathic Hospital, 243 Pa. 502, nor Filbert v. City of Philadelphia, 181 Pa. 530, supports the appellant's contention. The contractor in neither of these cases was given any discretion. He was not permitted to depart from the plans, but was required to furnish the material and do the work in the strict and exact accordance with the plans and the specifications prepared by others.

The questions of fact here were for the jury's determination and they were very clearly and fairly submitted by the learned trial judge.

It was further complained that evidence was not sufficient to sustain a verdict for damages in the sum

of twenty-one hundred and sixty-eight ($2,168) dollars, the amount of the verdict. Mr. Young testified that in his judgment the market value of the house in May, 1925, without any defects, was somewhere around ninety-three hundred ($9,300) dollars; and that the market value of the house as constructed was seven thousand ($7,000) dollars. There was some other testimony, but Young's testimony of itself was sufficient to support the verdict.

The granting of a new trial on the unsatisfactory evidence was a matter for the lower court. It has been held frequently that there will be no reversal, except where there is a manifest abuse of discretion. One of the most recent authorities on the point is Hardy v. Millers Mutual Fire Ins. Assn., 293 Pa. 9.

Assignments of error are all overruled and judgment affirmed.