## McKeever et ux. v. Mercaldo et al., etc.

*Harry M. Sablosky*, for plaintiffs.

*Foulke, Knight & Porter*, for defendants.

CORSON, J., November 30, 1954.—Defendants have raised preliminary objections in the nature of a de-

murrer to plaintiffs' complaint in assumpsit. The function of such an objection is to test the legal sufficiency of the pleading under attack, and for the purpose of determining whether a cause of action has been set forth, the court must assume as true all the well pleaded facts and inferences reasonably deducible therefrom: Byers v. Ward, 368 Pa. 416, 420 (1951); which principle this court has most recently followed in Carlson v. Carlson, etc., June term, 1954, no. 7, in equity.

From the facts set forth in the complaint, it would appear that plaintiffs and defendants entered into a contract for the sale of land whereby defendants, the vendors, further agreed to erect a dwelling on said land under certain terms and specifications; payment and final settlement were made and plaintiff took possession of and occupied the dwelling pursuant to the terms of the agreement in May of 1952; since that time certain defects in the building have developed and/or become apparent which plaintiffs aver and allege are due to, and the direct consequence of, the defective material and workmanship which defendants employed in the construction. Plaintiffs, in conclusion, allege that though they have requested defendants to repair and replace the faulty construction, nothing has been done, and therefore, they have been obliged to spend and will have to spend specified sums to correct each of the itemized defects set forth in the complaint. For such expenditures plaintiffs seek judgment against defendants as damages sustained as a consequence of defendants' breach of contract.

Plaintiffs have argued that the preliminary objections need not be considered because they were filed more than 20 days after service of the complaint on the objecting defendants. This is in violation of R. C. P. 1026 which in substance provides that "every pleading

subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading".

However, in interpreting this rule the Supreme Court has said:

"The word 'shall' is not mandatory in the sense that it admits no exception unless an extension of time is secured by agreement of the parties or by leave of court as provided for in *Rule No. 1003* . . . It is sufficient now to hold that dilatory pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court": Fisher v. Hill, 368 Pa. 53, 56, 57 (1951).

While it is true that the Supreme Court dealt with a late "answer and new matter" pleading in that case, nevertheless, it indicates that the lower courts are expected to exercise a sound discretion in applying the rule and need not consider "shall" mandatory.

Furthermore, plaintiffs have not properly raised the question of the timeliness of defendants' preliminary objections. Pa. R. C. P. 1017 sets forth all the pleadings allowed under the present rules. Under this rule preliminary objections are available to any party and are the proper means of presenting a motion to strike off pleadings because of lack of conformity to rule of court (see 1017(*b*)(2)). Goodrich-Amram, sec. 1017 (*b*)(5), indicates that a "preliminary objection to the preliminary objection" is the only means provided by the rules for raising the question of the timeliness of such a pleading. The court, in Patrick v. South Pittsburgh Water Co. et al., 80 D. & C. 253, 260 (1952), adopted this construction and concluded that since preliminary objections had not been filed raising the question of the timeliness of the original preliminary objections, the question of late filing was not properly before the court.

In this case, also, plaintiffs have failed to file any pleading objecting to defendants' preliminary objections. Therefore, accepting the authorities cited, we may overlook the tardiness and pass to a consideration of the merits of the pleading.

Defendants' primary basis for objecting is that since the defects (for which plaintiffs seek recovery) were existing and patent at the time of settlement, plaintiffs are estopped from seeking recovery for them subsequent to the date of settlement. This is the basis of their objection in paragraphs 2 through 6. However, under Pa. R. C. P. 1030, "estoppel" is an affirmative defense which "shall be pleaded in a responsive pleading under the heading 'New Matter'." Furthermore, accepting plaintiffs' complaint as true, the court does not interpret such pleading to allege patent defects and, indeed, the reasonable inference drawn from the allegations as well as the express averment in paragraph 8 leads to the conclusion that the defects were latent. It is a common experience that defective construction might eventually result in leaks and the bulging, blistering and cracking of plaster which defects cannot always be readily detected in a new house. As to the driveway, its condition also could have arisen subsequent to settlement, and it is conceivable that latent defects in its construction, such as an inadequate foundation, might not appear for many months after it had been laid.

In the first paragraph defendants demur on the ground that the parol evidence rule eliminates any basis upon which plaintiffs could sustain a cause of action. In O'Brien et al. v. O'Brien, 362 Pa. 66, 71, 72 (1949), the Supreme Court indicates that the parol evidence rule is one of substantive law, and that its applicability is a question which may properly be raised by preliminary objections. However, we need

not be concerned with the parol evidence rule problem on demurrer, for accepting the balance of the complaint as true, we conclude that a statement of the cause of action is not dependent upon the admissibility of the oral promises. The pleading sets forth all the necessary elements without relying on the averments in paragraph 1. This is so because of the well-established principle that one contracting to perform work for another impliedly warrants that he will exercise proper skill so that the product of his work will be fit for the use intended. Specifically, in building contracts it is implied that the building will be erected in a "reasonably good and workmanlike manner and when completed shall be reasonably fit for the intended purpose": 17 C. J. S. Contracts, §329, note 53. Plaintiffs are not precluded from seeking damages for such defects because they have accepted the deed and paid the purchase price: Raab et ux. v. Beatty, 96 Pa. Superior Ct. 574 (1929).

Defendants' final objection is that plaintiffs are barred by their own laches from asserting a claim for these defects. It is sufficient to cite again Pa. R. C. P. 1030, which enumerates "laches" as another affirmative defense which must be raised by way of answer under the heading "New Matter". This defense also cannot be raised by preliminary objections.

Therefore, based on the averments of the complaint and controlled by the requirements of the Rules of Civil Procedure, we feel that the objections are without merit and must be dismissed.

And now, November 30, 1954, it is ordered, adjudged and decreed that defendants' preliminary objections to the complaint be, and are, overruled and defendants are allowed 20 days after notice of the filing of this decree within which to file an answer on the merits.