## Abram Singer Sons, Inc., v. DeStefano

*J. Harry Wagner, Jr.*, for plaintiff.

*Sidney M. De Angelis*, for defendant.

GERBER, J., July 9, 1958.—After a complaint, an answer setting forth a counterclaim and a reply, plaintiff has moved for judgment on the pleadings. The motion must be granted.

The allegations of the complaint establish that plaintiff is a general contractor and builder, who covenanted to build a home in conformity with a sample house and to convey the premises. The home is situated on a lot known as 4102 Barberry Drive, Lafayette Hill, Montgomery County. By the terms of the agreement, defendants herein obligated themselves to make a deposit on account in the sum of $3,950, which they in fact paid, and further obligated themselves to pay the balance of the purchase price, or the sum of $17,900 at settlement. The complaint further establishes that at the settlement on October 1, 1956, defendants repre-

sented that they had made a down payment of $5,150. Plaintiff stated the down payment actually made was $3,950. In order to facilitate the settlement, plaintiff agreed to credit defendants with the sum of $5,150 with the understanding that defendants would later reimburse plaintiff for the difference of $1,200 should a verification of the records prove plaintiff to have been correct. A later check of the records revealed to everyone's satisfaction that the payment made by defendants was $3,950. On October 25, 1956, defendants paid $600 and on December 7, 1956, they paid $300 or a total of $900, on account of said $1,200 debt. The balance, $300, is still owing to plaintiffs and it is for this sum with interest from October 1956, that suit was instituted.

Defendants, in their answer, admit to all the allegations set forth above. They go on, however, to say that "when it became clear that $1,200 was due the plaintiff corporation, defendants agreed that when the house was completed in accordance with the specifications and sample, defendants would pay the $1,200 remaining due. Plaintiff corporation by its agents repeatedly promised defendants that work would be completed . . ."

By way of counterclaim, defendants list 33 defects or omissions in the construction of the house which will require them to expend the sum of $1,700 to correct. Deducting the $300 owed to plaintiffs on the purchase price, defendants ask for judgment in the sum of $1,400. In its reply plaintiff, without admitting that the alleged counterclaim of defendants sufficiently constituted a defense at law, denied that the house in question was incomplete or that they were guilty of poor workmanship, giving rise to the 33 separate defects alleged by defendants.

There can be little question that defendants are obligated to pay the sum of $300 to plaintiff. The crucial

148

question is whether their counterclaim states a good cause of action. The rights of the parties as to defects in construction is a matter of intention and are governed by the agreement of sale. The usual clause that buyers' acceptance of the premises, by either entering into possession or by accepting a deed, works a waiver of any and all rights against the builder has been omitted from this agreement of sale. The agreement, in the printed form, originally contained such a clause. However, it had been crossed through in ink and nothing affirmative substituted. Nonetheless, the court feels that the doctrine of merger by which all prior agreements and representations lose their force and become merged in the deed is still applicable in this case.

The general rule in Pennsylvania is that a deed includes all prior negotiations and agreements leading to the execution of the deed: Dobkin v. Lansberg, 273 Pa. 174 (1922). The rule, however, has its exceptions. One well recognized exception is that by accepting the house and completing settlement, a party does not waive imperfections in the construction and workmanship which are latent and which could not have been revealed by a reasonable inspection: Raab v. Beatty, 96 Pa. Superior Ct. 574 (1929); Bradley v. Brucker, 69 Montg. 38 (1952); Dick v. McWilliams, 291 Pa. 165 (1931).

The court has carefully examined each of the 33 alleged defects and has concluded that they are patent defects, all of which could have been discovered by a reasonable inspection. Even if some are not in this category, they are unsubstantial, inconsequential and very trivial in nature. In view of this fact, a trial on the issue of whether or not these defects do exist would be of no legal significance.

With reference to plaintiff's alleged promise to complete defective work, if the promise were made at all, from defendants' own pleading we must conclude that

it was made subsequent to settlement because defendants aver that it was made "when it became clear that $1,200 was due the plaintiff corporation" and at settlement the question of the $1,200 was not clear.

The promise made after settlement had to be a separate independent agreement. There has been no averment by defendants of any consideration for plaintiff's promise because the $1,200 was already due and owing. There being no consideration for the alleged promise it cannot be enforced.

And now, to wit, July 9, 1958, in view of the foregoing it is hereby ordered, adjudged and decreed that plaintiff's motion for judgment on the pleadings be sustained, that defendants' counterclaim be dismissed, that judgment be entered in favor of plaintiff and against defendants in the sum of $300 with interest from October 1, 1956.