## Bunn v. Bowen

*Edward J. Hardiman,* for plaintiffs.
*Victor S. Jaczun,* for defendants.

LUDWIG, J., January 14, 1971.—Defendants' preliminary objections to the complaint in assumpsit are in the nature of a demurrer and a motion for a more specific pleading. The complaint avers the sale and conveyance of a residential property by defendants to plaintiffs and seeks damages covering the subsequent replacement of an on-site well water system. The complaint is divided into two counts.

The first apparently proceeds on the theory of fraudulent misrepresentation by the vendors that the existing water supply was satisfactory. The second advances what it calls "breach of the agreement of sale's express warranty . . ."

Factually, this was, according to the complaint, a routine, uneventful sale of a decedent's home, defendants acting as personal representatives of the estate. After they listed the property for sale with certain real estate brokers, it was advertised during April 1969 in a local newspaper. The advertisement did not refer to the water supply or the type of water service, but a real estate listing card, a copy of which is also attached to the complaint, stated "Priv. sewer/ water . . ." Plaintiffs inspected the house, and the parties entered into an agreement dated May 7, 1969, which contains no items relating to the water supply other than the standard type of verbiage making the plumbing and other mechanical systems a part of the sale. Settlement occurred July 3, 1969. The complaint alleges "oral representations" made by defendant Olivieri and "misrepresentations" to plaintiffs in regard to the sufficiency of the water supply at some unspecified time, but by inference prior to settlement. Upon taking possession, plaintiffs found that "the well was dry." When defendants refused to reimburse them for the expense of drilling another well and of a new pump, this lawsuit followed.

The demurrer portion of the preliminary objections, attempting to raise defenses in the nature of estoppel, is, we believe, untenable. The reasons assigned for the demurrer are the "admission" in the complaint that plaintiffs "observed" the water facilities in satisfactory operation prior to settlement and, further, that ". . . acceptance of the deed settled any question of the property that was observable."

McKeever v. Mercaldo, 3 D. & C. 2d 188 (1954), also

a suit by a home buyer against his vendor, questioned whether such defenses may be asserted preliminarily, noting that under Pa. R.C.P. 1030 estoppel is an affirmative defense to be raised by new matter. In our view, they may not be (see Johnson v. Smith, 19 Bucks 577 (1969)), even where, as evidently contended here, the defense appears on the face of the complaint: Ziemba v. Hagerty, 436 Pa. 179 (1969).

But, in the present case, the demurrer also must fail because of its underlying thesis that the allegations of the complaint remove this particular water supply problem from the category of a latent defect. We agree with defendants' general proposition, citing Lake v. Thompson, 366 Pa. 352 (1951), that a vendor of real estate can be held accountable only for latent defects. We do not agree with the contention that plaintiff's inspection of the water facilities as depicted in the complaint therefore relieved defendants of liability. There is no allegation in the complaint that would characterize plaintiffs' inspection as other than superficial or the condition of the well and of the water supply as other than latent. On the contrary, we can gather only that plaintiffs received the customary guided sales tour, that while in the house one or more faucets were turned on, and that water came forth in the usual fashion. Thus, inferentially at least, the complaint has attempted to allege that the defect was latent.

Moreover, we cannot sustain a demurrer unless "on the facts averred, the law says with certainty that no recovery is possible": Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501, 503 (1970). We refuse to determine as a matter of law that the viability of a household well is or should be reasonably apparent to the ordinary, prospective home buyer. As we read the opinion relied on by defendants, Lake v. Thompson, supra, it is strong authority for coming to

the diametrically opposite conclusion. It holds in part, reversing the dismissal of a complaint in equity on preliminary objections, that to this type of buyer "the condition of a house as regards plumbing, electric wiring and heating is generally not ascertainable upon view": 366 Pa. at page 356.

We believe the same point also disposes of defendants' contention that as a matter of law acceptance of the deed of conveyance by plaintiffs was a waiver by them of any defects. Cf. Raab et ux. v. Beatty, 96 Pa. Superior Ct. 574 (1929); Abram Singer Sons, Inc. v. De Stefano, 17 D. & C. 2d 146 (1958); McKeever v. Mercaldo, supra.

On the other hand, defendants' objections on the ground of lack of specificity in the complaint appear to be well taken. Defendants contend that the averments of "misrepresentation" are deficient as to "time, place and content" and that the "express warranty" alleged in count two is not described or identified. Averments of fraud must be stated with particularity, and this requirement of Pa. R.C.P. 1019(b) essentially means that the averments be supported with "basic factual allegations . . .": Local No. 163, International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America v. Watkins, 417 Pa. 120, 122 (1965). However, the first pleading problem with the instant complaint is that the allegations of misrepresentation are obscure and unclear. A prime example is paragraph 6, which reads as follows:

"Plaintiffs moved thereafter on to said premises in question, whereupon they found that the well was dry and that there was no water accessible to the premises, both as stated in the newspaper advertisement and in the oral representations to this effect made by the seller, Mrs. Olivieri."

At a minimum, it will be necessary for plaintiffs to

revise and restate paragraphs 6, 10 and 14 of the complaint so that they are at least intelligible. Paragraph 14, in count two, simply does not make sense, whether it be read in or out of the context of the complaint. It states:

"Defendants' action in causing these representations to be made both in the North Penn Reporter and in the office of the real estate dealer . . . and their failure to carry out in full the provisions of their representations constituted both a breach of the agreement of sale's express warranty which was carried with the premises in question. . . ."

Moreover, as noted above, the newspaper (North Penn Reporter) advertisement is silent as to water supply, and, as we view it, the parties' written agreement of sale (if that is the agreement of sale referred to in paragraph 14), contains no provision that could be considered an "express warranty."

### ORDER

And now, January 14, 1971, defendants' preliminary objections to the complaint are sustained in part and overruled in part. Leave is granted plaintiffs to file an amended complaint within 20 days.