J-S30004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| GEORGE A. AND ANTEGONE KAKALELIS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| H & N ZORBAS REALTY, LLC | : | |
| Appellant | : | No. 593 MDA 2021 |

Appeal from the Order Entered April 8, 2021
In the Court of Common Pleas of Berks County Civil Division at No(s):
20-14796

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 01, 2021**

H & N Zorbas Realty, LLC ("Appellant") appeals from the April 8, 2021 order, which denied its petition to open a confessed judgment in favor of George A. Kakalelis and Antegone Kakalelis ("Appellees").   After careful review, we affirm.

This case arises from an agreement of sale ("Agreement of Sale") entered into between the parties on June 28, 2017, for the purchase of a commercial property located at 2840 Penn Avenue, West Lawn, Pennsylvania. On November 3, 2017, Appellant executed a purchase money note ("Note") in favor of Appellees, in the principal amount of $130,000.00.  On August 19, 2020, Appellees filed a complaint in confession of judgment against Appellant,

_____

[*] Retired Senior Judge assigned to the Superior Court.

alleging that Appellant was in default under the Note and owed $25,672.24, plus interest, late charges, and attorneys' fees and costs.

On September 18, 2020, Appellant filed a petition to open the confessed judgment, in which it alleged, in relevant part:

> 8. [Appellees] were aware at the time the Agreement [of Sale] was negotiated and executed that [Appellant's] intent was to erect a commercial building on the property.
>
> 9. Unbeknownst to [Appellant], prior to the execution of the Agreement [of Sale], [Appellees] granted an easement across the property to PPL Electric Utilities [("PPL")] in exchange for an undisclosed sum.
>
> 10. [Appellees] did not divulge to [Appellant] the existence of the easement at the time the Agreement [of Sale] was executed.
>
> 11. [Appellant] only recently learned of the easement when representatives of PPL … erected a pole on the property.
>
> 12. [Appellant] aver[s] that the existence of the easement materially affects the value of the property.
>
> 13. [Appellant] avers that [Appellees] were aware that the easement affected the value of the property and therefore did not make [Appellant] aware of the same at the time the Agreement [of Sale] was entered into.
>
> 14. [Appellant] avers that the pole erected by PPL … impacts its ability to develop the property[,] and if [Appellees] had made [Appellant] aware of the easement at the time the Agreement [of Sale] was executed[,] it would have insisted upon a lower purchase price.
>
> 15. [Appellant] notified [Appellees] of the issues set forth hereinabove pertaining to the easement and [Appellees] then filed the complaint in confession of judgment.
>
> 16. [Appellant] avers that the actions of [Appellees] as set forth hereinabove constitute a breach of the Agreement.

17. As set forth hereinabove, [Appellant] has a defense to the complaint and therefore the judgment should be opened so that [Appellant] can defend itself.

Petition to Open, 9/18/20, at 2-3 (unnecessary capitalization omitted).

On October 7, 2020, Appellees filed an answer and new matter. In their answer, Appellees admitted that they granted an easement to PPL prior to June 28, 2017. However, Appellees denied the allegation that they failed to disclose the existence of the easement prior to entering the Agreement of Sale. To the contrary, Appellees aver that not only did they inform Appellant they had granted an easement on the property, they also provided Appellant with documents reflecting the easement and its location, prior to execution of the Agreement of Sale. Answer and New Matter, 10/7/20, at 2-3. Additionally, Appellees aver that the easement was recorded in the Berks County Recorder of Deeds office on October 27, 2017, five days prior to the closing on the sale, which occurred on November 1, 2017. **See id.** at 4, 6-7.

The trial court held arguments on Appellant's petition on November 17, 2020, March 16, 2021, and April 4, 2021. On April 5, 2021, the trial court denied the petition, but incorrectly stated the year on the order. On April 8, 2021, the court vacated the incorrectly-dated order and entered an order again denying the petition, reflecting the corrected date of April 8, 2021.

On May 5, 2021, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant presents the following questions for our review on appeal:

1. Did the court err as a matter of law and fact in denying … Appellant's petition when … Appellant averred facts sufficient to establish a meritorious defense to the complaint in confession of judgment where … Appellant averred that … Appellee[s] misrepresented to … Appellant the extent of a utility easement on the property in order to induce … Appellant to enter into the [A]greement of [S]ale for the property?

2. Did the court err as a matter of law and fact in denying … Appellant's petition when … Appellant averred facts sufficient to establish a meritorious defense to the complaint in confession of judgment where … Appellant averred that … Appellee[s were] aware that … Appellant intended to erect a commercial building on the property and disclosure of the extent of the utility easement would materially affect the value of the property and the price … Appellant would be willing to pay for the same?

Appellant's Brief at 4 (unnecessary capitalization omitted).

In addressing Appellant's claims, we remain mindful of the following:

We review the order denying [an] [a]ppellant's petition to open the confessed judgment for an abuse of discretion.

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

The trial court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, and (3) can produce sufficient evidence to require submission of the case to a jury." Generally, the court will dispose of the rule on petition and answer, along with other discovery and admissions.

…

A meritorious defense is one upon which relief could be afforded if proven at trial.

Pa.R.[C].P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a

- 4 -

meritorious defense. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.

In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations. The trial court can make this decision as a matter of law when the defense presented is without adequate substance, because contract construction and interpretation is generally a question of law for the court to decide.

…

In the context of a petition to open a confessed judgment, [t]he function of our [C]ourt is not to [w]eigh the evidence in support of the defense, but merely to determine whether there was sufficient evidence to go to the jury.

*Neducsin v. Caplan*, 121 A.3d 498, 506-07 (Pa. Super. 2015) (internal quotation marks, emphasis, and citations omitted).

In its first claim, Appellant asserts that it established a meritorious defense to Appellees' complaint in confession of judgment by averring that Appellees misrepresented the scope of the easement they granted to PPL, in order to induce Appellant into entering the Agreement of Sale. Appellant's Brief at 9-10. Moreover, Appellant concedes that it was aware of the existence of the easement at the time it entered the Agreement of Sale. *See id.* at 11

("There is no issue that the easement granted by … Appellee[s] in favor of PPL … relative to the property at 2840 West Penn Avenue, West Lawn, … Pennsylvania, was discussed by the parties at the time they entered into the Agreement of Sale for the property."); *id.* at 12 ("Appellant was clearly aware of the PPL easement….").

By contrast, Appellant avers in its petition to open that it had no knowledge of the easement and that Appellees had failed to disclose the existence of the easement prior to the sale. *See* Petition to Open at 2 ¶ 9 ("Unbeknownst to [Appellant], prior to the execution of the Agreement, [Appellees] granted an easement across the property to PPL…."); *id.* at 2 ¶ 10 ("[Appellees] did not divulge to [Appellant] the existence of the easement at the time the Agreement was executed."). Appellant's petition contains no allegations regarding Appellees' misrepresenting the scope of the easement, nor does it allege that Appellees misled Appellant regarding the extent of the easement in order to induce Appellant into entering the Agreement of Sale. Hence, we deem Appellant's first claim to be waived. *See* Pa.R.C.P. 2959(c) (providing that a party waives all defenses and objections which are not included in the petition to open the confessed judgment).

Additionally, to the extent that Appellant refers to "information provided at oral argument" being sufficient to establish its meritorious defense, *see* Appellant's Brief at 11, we note that Appellant has failed to produce the transcripts from the hearings on its petition. This Court has explained that,

> [w]ith regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a)…. When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

*Commonwealth v. Houck*, 102 A.3d 443, 456 (Pa. Super. 2014) (citation omitted). Thus, we would also consider Appellant's claim waived on this basis.

In its second claim, Appellant asserts that it established a meritorious defense to the complaint in confession of judgment by averring that Appellees were aware Appellant intended to erect a commercial building on the property and that disclosure of the extent of the easement would materially affect the value of the property and the price Appellant would be willing to pay for the purchase of said property. Appellant's Brief at 13. We deem this issue waived, as well, based on Appellant's failure to develop its argument. *See* Pa.R.A.P. 2119(a). Appellant does not cite to any legal authority in support of its argument, nor does it provide any legal analysis of its claim whatsoever. *See* Appellant's Brief at 13-14. In fact, its entire argument consists of two sentences. The first sentence merely reiterates its claim that Appellees advised Appellant of the existence of the easement granted to PPL, but that it misrepresented the scope of said easement. *Id.* at 14. The second sentence states: "The easement itself is not referenced in the Agreement of Sale[,] however[,] insofar as it was clearly discussed, … Appellant contends that evidence on that issue creates a meritorious defense[,] and it was error to deny the [p]etition based simply on the language of the Agreement of Sale

and related documentation." ***Id.*** "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Estate of Haiko v. McGinely***, 799 A.2d 155, 161 (Pa. Super. 2002) (citing, *inter alia*, Pa.R.A.P. 2119(b)). "Without a reasoned discussion of the law … our ability to provide appellate review is hampered. It is not this Court's function or duty to become an advocate for [Appellant]." ***Id.*** (internal citations and quotation marks omitted).

Nevertheless, even if Appellant had not waived its claims, we would discern no abuse of discretion in the trial court's conclusion that Appellant failed to allege a meritorious defense. As the trial court opined:

> Although there is a dispute as to whether the easement was accurately disclosed to … Appellant[] prior to sale, it is not disputed that the easement was recorded on October 27, 2017, five days prior to the closing on the sale of the property[,] which occurred on November 1, 2017. Additionally, the petition to open the confessed judgment filed by Appellant had the Agreement of Sale … appended to it as Exhibit "A[."] Paragraph 4 of the [Agreement of Sale] specifically sets forth, in pertinent part, that "the title to the premises on the closing date shall be such as will be insured by any reputable title insurance company as good, complete and marketable title at regular rates free and clear of all liens and encumbrances *except as follows:* (i) *rights, if any, of any gas, telephone, electric, oil or other public utility*; (ii) provisions of any local ordinances; (iii) *easements not appearing of record* [emphasis added]…[.]" Not only did Appellant waive any claims based upon utility rights and unrecorded easements, the very easement Appellant asserts as a basis to open the judgment was

actually recorded five days prior to settlement.[1]  A bringdown search prior to closing would have disclosed the easement. Appellant['s] failure to conduct such a search or to request, prior to closing, full descriptions of all easements recorded or unrecorded or to memorialize in writing any prohibitions against unrecorded easements or those of record which might interfere with their intended use of the property does not create a basis to open and [*sic*] confessed judgment.

…

Appellant's averment that [it] had made known [its] intended use of the premises, and Appellee[s] knew or should have known that the easement was inconsistent with that use is not supported by any written evidence.  There is nothing in the [Agreement of Sale] nor any correspondence reflecting such discussions or agreements restricting or limiting the scope of easements, or even mentioning Appellant's intended use for the property[.]  Furthermore, the suggestion that Appellees intentionally withheld disclosure of the easement to avoid any reduction in the price is inconsistent with the easement['s] having been recorded five days prior to the closing.  Appellee[s] argue[], persuasively, that the doctrine of merger operates to merge into the deed all binding terms and conditions of the sale.  It is a well-established presumption of law that the acceptance of a deed constitutes satisfaction of all previous covenants.  ***Raab et us. v. Beatty***, 96 Pa. Super. 574, 577 (1929).  Generally, Pennsylvania courts hold that by acceptance of a deed pursuant to an agreement of sale, the terms

---

[1] "All agreements in writing relating to real property situate in this Commonwealth by the terms whereof the parties executing the same do grant, bargain, sell, or convey any rights or privileges of a permanent nature pertaining to such real property … shall be acknowledged according to law by the parties thereto or proved in the manner provided by law, and shall be recorded in the office for the recording of deeds in the county … wherein such real property is situate."  21 P.S. § 356.  "The legal effect of the recording of such agreements shall be to give constructive notice to subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements of the fact of the granting of such rights or privileges and/or of the execution of said releases, and the rights of the subsequent purchasers, mortgagees, and/or judgment creditors of the parties to said agreements shall be limited thereby with the same force and effect as if said subsequent purchasers, mortgagees, and/or judgment creditors had actually joined in the execution of the agreement or agreements aforesaid."  21 P.S. § 357.

of the agreement merge into the deed. ***Id.*** Essentially, no agreements or conditions not required in writing to be included in the deed will survive settlement.

Trial Court Opinion, 6/11/21, at 3-4 (unnecessary capitalization omitted).

Accordingly, we affirm the April 8, 2021 order denying Appellant's petition to open the confessed judgment in favor of Appellees.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/01/2021