101     289
22 SC   212

# Nixon *versus* McCrory.

1. A. brought an action against B. on a promissory note. B. filed an affidavit of defence setting out that he had employed B. as engineer on a boat belonging to him, that B. had left the boat at a foreign port and had conspired with and induced the crew of said boat also to desert her, and that he had, in violation of his duty, left the boat with a high pressure of steam in her boilers, with a large fire under the boilers, and the fire doors closed, in consequence of which the boilers were injured. B. sought to set-off the damages resulting to him from A.'s conduct as above against the claim in suit. *Held,* that said damages were to be viewed as resulting from a breach of contract and therefore constituted a valid set-off.

2. Halfpenny *v.* Bell, 1 Norris 128, followed.

October 11th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county:* Of October Term 1882, No. 76.

Assumpsit, by Joseph Nixon against William McCrory, on a promissory note given by defendant to plaintiff, dated March 17th 1881, at twelve months, for $906.69.

The defendant filed the following affidavit and supplemental affidavit of defence: That instead of defendant being indebted to plaintiff, as alleged in his affidavit of claim, plaintiff is indebted to said defendant in a large sum of money, as per statement hereto attached and made part hereof, and that said indebtedness arose in manner following, to wit, that in or about the month of April 1879, defendant engaged and hired said plaintiff as an engineer on the steamer Joseph Nixon, for the term of one month, and in pursuance of said engagement said plaintiff went on said boat and acted as first engineer on the said boat and on the 4th day of April 1879, the said boat left Pittsburgh on a trip down the Ohio river with said plaintiff in charge as engineer, and on the said trip proceeded to and arrived

[Nixon *v.* McCrory.]

at the Port of Cincinnati, Ohio, on or about the 8th of April 1879, and that on the 9th day of April 1879, the said plaintiff did conspire with and induced the crew of the said boat to leave the said boat in distress at a foreign port and also that at the time said plaintiff left the said boat he left the boat with a high pressure of steam on the boilers of the said boat and a large fire under the said boilers with the fire doors closed, and that in pursuance of said neglect and malicious conduct of said plaintiff said boilers and the said defendant were damaged to the extent of one thousand dollars, and that further said defendant claims usury, for that said plaintiff charged 8 per cent. interest on the note for which the note sued on in this case is the renewal, that the said usurious interest amounts to the sum of $76.26, as per statement attached, and further that afterwards, to wit, on or about February 1881, the plaintiff took and carried away with him, off of and from said boat a large amount of scrap iron belonging to the said defendant of the value of fifty dollars, all of which the defendant expects to prove on the trial.

STATEMENT.

WM. McCRORY,

To JOS. NIXON, DR.

1879.

Feb. 14th, To usurious interest on note, from May 1st
   1874, to February 1st 1879, 4 years, 6
   months and 60 days, @ 2 per cent, - $76 26
April 9th, To damages incurred by reason of leaving
   boat at Cincinnati, - - - - 1,000 00
Feb. 1881, To scrap iron taken from boat, - - 50 00
                ————
               $1,112 26
   By amount of note as sued for, - 906 69
                ————
Pittsburgh, April 11th, 1882.    $219 57

SUPPLEMENTAL AFFIDAVIT OF DEFENCE.—That the steam tug "Jos. Nixon," referred to in his affidavit of defence, was in 1879, and is now, owned by him and also at the time referred to in said affidavit, when said plaintiff left the said steam tug with a high pressure of steam in her boilers, and a large fire under the same with the fire doors closed, that he, the plaintiff, was the officer in charge of said boilers and the machinery of said boat, that it was his duty to regulate the pressure of steam, control the fires, and see that the fire doors were opened at the proper time.

The plaintiff's counsel took a rule to show cause why judg-

[Nixon *v.* McCrory.]

ment should not be entered for plaintiff, for want of a sufficient affidavit of defense, " except as to the two items of $76.20, and $50, set out in the affidavit of defence, without prejudice, to plaintiff's right to proceed to collect the said items by trial."

The court, after argument, made this rule absolute, and entered the following judgment :

" April 27th 1882, judgment against defendant per order of court of this date for $783.48. The plaintiff declines to accept the same in full satisfaction of his claim but elects to proceed for the balance of his claim." The defendant thereupon took this writ of error, assigning for error the entry of said judgment.

*Barton & Sons,* for plaintiff in error.—The affidavit of defence sets up a contract between plaintiff and defendant, to wit, that plaintiff would act as engineer of defendant's steam tug ; a breach thereof, to wit, the desertion of the boat while under full fires and steam ; and avers damages to the boilers caused thereby. It also sets up a conspiracy with others of the crew to enforce an increase of wages by "jumping" the boat. The damages averred arose ex contractu ; even if they also could be referred to a tort, we can waive the tort and sue, or set-off in assumpsit : Phillips *v.* Lawrence, 6 W. & S. 150 ; Carman *v.* Franklin Ins. Co., Id. 155 ; Ellmaker *v.* Ins. Co., Id. 439 ; Pearsall *v.* Chapin.

The rules of the court below provide that where a defendant admits part of the plaintiff's claim to be due, the plaintiff may accept the tender, take judgment, issue execution and go to trial for the balance. In this case nothing was admitted to be due, but the plaintiff reversed the rule, he admitted the defence in part to be good, but bad as to the residue, and asked the court for a judgment for part and to go to trial for the residue. This rule for judgment is predicated on that rule of court, and the court below held it to be well taken and ordered the judgment. In this case we claim the court below erred. And even if that part of the order is good, entering the judgment, yet the other part, allowing the plaintiff to proceed for the balance, is void and ought to be reversed and set aside.

*Isaac S. Van Voorhis,* for the defendant in error.—No question was raised in the court below as to the form of the rule, and it was in accordance with established practice. This construction of rules of practice is generally left to the discretion of the court that made them.

The set-off claimed was inadmissible : (1) Because vague and evasive, not charging that plaintiff did or caused the damage, but that "*in pursuance* of said neglect and malicious conduct

[Nixon *v.* McCrory.]

said boilers and said defendant were damaged," &c. *Post hoc, ergo propter hoc.* The courts will not help out a defendant when he has the field to himself and his averments are taken to be true. He must state them with such precision that, if false, they will support an indictment for perjury: Boughton *v.* Bank, 9 W. N. C. 519. (2) Because the damages sound in tort, and arise out of a different transaction from the cause of action, viz., the promissory note: Gogel *v.* Jacoby, 5 S. & R. 117; Brotherton *v.* Haslet, Id. 335; Charlton *v.* Allegheny City, 1 Grant 208; Halfpenny *v.* Bell, 82 Pa. St. 130. (3) Because the damages alleged are speculative, there being no facts or data given on which to liquidate the amount.

Mr. Justice Paxson delivered the opinion of the court, November 20th 1882.

For the purposes of this case we must assume the facts to be as stated in the affidavit of defence. If, as defendant swears, he hired the plaintiff as engineer on board the steamer Joseph Nixon for the term of one month, and that during said term the plaintiff not only left the steamer and his service while in a foreign port, but in addition conspired with and induced the crew of said boat to desert it, he was clearly guilty of a breach of his contract with the defendant. The defendant also swears that when the plaintiff deserted the steamer he left it with a high pressure of steam in its boilers, with a large fire under its boilers and and the fire doors closed; that the said plaintiff was the officer in charge of said boilers and the machinery of said boat; that it was his duty to regulate its pressure of steam, control the fires, and see that the fire doors were opened at the proper time; and that by reason of this neglect the boilers were injured. While the affidavit is not as full and precise as it might have been, we cannot say it is evasive. It set forth substantially a breach of contract and of duty on the part of plaintiff, by means whereof the defendant was injured.

Can such injury be set off under our defalcation act against the note in suit? Of this we are in no doubt. The precise question was ruled in Halfpenny *v.* Bell, 1 Norris 128, which is one of the more recent of a long line of cases asserting the same principle.

The rules of the court below provide that where a defendant admits a part of plaintiff's claim to be due, the plaintiff may accept the tender, take judgment, issue execution and go to trial for the balance. Here the defendant admitted nothing, but denied the right of the plaintiff to recover anything. Yet the learned court court gave judgment against the defendant for a part of plaintiff's claim and permitted the plaintiff to go to tria

[Borough of Beltzhoover *v.* Gollings.]

for the residue. This was certainly a liberal construction of the rule of court and leaves us in some doubt whether there is a final judgment below to which a writ of error would lie. As the case must go back we have concluded to decide the main question.

The judgment is reversed and a procedendo awarded.