## THOMAS MURRAY ET AL. v. FRED WEIGLE ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 24, 1887—Decided January 3, 1888.

1. Two returns " nihil " to a scire facias upon a mortgage are equivalent to a return of scire feci, and a judgment entered upon such returns cannot be collaterally impeached by evidence that at the time the writ issued the mortgagor was dead.

2. A mortgage is merged in a judgment entered in a scire facias thereon, and in a collateral suit such judgment is conclusive upon the grantor of the mortgage as to the amount due and that his interest at the date of the mortgage may be taken in execution for the payment thereof.

Statement of Facts.

Before PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; GORDON, C. J., TRUNKEY and CLARK, JJ., absent.

No. 26 October Term 1887, Sup. Ct.; court below, No. 228 October Term 1885, C. P. No. 2.

This was an ejectment instituted by Frederick Weigle, Priscilla J. Burlip and George Burlip, her husband, Laura Rector and Martin Rector, her husband, and Catharine Stevenson, against Thomas Murray and William Richards, to recover a lot of ground on Taust street, Pittsburgh.

At the trial, on November 10, 1886, a discontinuance was allowed as to Catharine Stevenson, one of the plaintiffs, when the following facts appeared: Henry Weigle died intestate on February 22, 1871, seized of the lot in dispute, leaving a widow, Catharine, subsequently Catharine Stevenson, and five children, minors, two of whom died before the foreclosure of the mortgage hereinafter referred to, intestate, unmarried and without issue. On April 1, 1876, upon the petition of E. G. Krehan, the guardian of these minor children, including the plaintiffs, showing that their personal estate was insufficient for their maintenance and education, that in the petitioner's account settled there was a balance due him of $152.23, and for the last two years the petitioner had had no funds in his hands as guardian with which to pay an allowance of $2 per week required by order of the court to be paid to the mother of the minors for their support, the court made an order authorizing the petitioner to mortgage the lot in dispute for the sum of $600, as prayed for, on filing a bond with approved security in the sum of $1,200. The order did not specify to whom the mortgage was to be executed. On June 3, 1876, the bond of the guardian in $1,200 was filed and approved, and on the same day a mortgage of the lot in dispute was executed and delivered by E. G. Krehan, guardian of Frederick, Priscilla, Jane and Laura Mary Weigle, and Daniel Haphey and Catharine, his wife (formerly Catharine Weigle, afterwards Catharine Stevenson), to Robert Robb, for $600, real debt, payable in three years. No report of said mortgage was made to the Orphans' Court. The mortgage was recorded on April 13, 1877, and in November 21, 1881, a scire facias was issued upon it, in favor of Robert Robb for use of Thomas Murray, then

the assignee thereof, against said guardian and Catharine Stevenson; and, after two returns, "nihil," and no appearance for the defendants, on January 13, 1882, judgment was entered thereon for $841. On March 6, 1882, upon a levari facias upon the judgment, the lot in dispute was sold to Thomas Murray, who, with William Richards, was in possession when this ejectment was brought.

Philip Hoerr, register of wills, etc., was called by the plaintiff and under exception, was allowed to testify that E. G. Krehan had died on December 31, 1879.[1]

The foregoing facts, substantially, were found by the jury as a special verdict for the judgment of the court whether the proceedings referred to were sufficient or insufficient to convey the title of the plaintiffs to the lot in dispute.

On December 27, 1886, the court, EWING, P. J., filed an opinion, which, omitting the statement of the facts heretofore given, was as follows:

The plaintiff's title was made out prima facie by showing that Henry Weigle died seized of the lot in dispute, February 22, 1871, and showing that they were his heirs, being three out of five children, who survived him. The other two children had died before the bringing of this suit. The widow surviving took for life the shares of the deceased children, thus making her estate for life three fifths, and that of the three surviving children together, the two fifths in possession, and a remainder after their mother's death in the remaining three fifths. Under the mortgage and proceedings in evidence the life estate of the mother had been transferred to the defendant, Thomas Murray. . . . .

Defendant's counsel claim that the judgment on the scire facias is conclusive, and that no one can controvert it in this collateral proceeding; and, that although E. G. Krehan had been a well known citizen, and his death was thoroughly well known to the plaintiff's attorney and to the sheriff, yet the return of nihil is conclusive to the contrary. That this is the general rule as to the effect of such return, and of a judgment on the scire facias is well settled by authority. The judgment is conclusive between the parties to the mortgage as to the amount of the mortgage, and that the interest of the mortgagor

at the date of the mortgage should be taken in execution for the payment thereof: Dorris v. Erwin, 101 Pa. 239, and cases therein cited. But it does not aid a defective title in the mortgagor, or a want of power in the mortgagor to execute the mortgage, and especially when that want of power is apparent on the face of the mortgage: Dorris v. Erwin, supra. Mr. Krehan, as guardian, had no inherent power to mortgage his wards' land for any purpose; very clearly he had no power to mortgage it for the purpose apparent on the face of this mortgage, to wit: the payment of their stepfather's bond. If the defendant stops with the mortgage and judgment then he has no title to anything except the mother's three fifths for life. When we go to the record of the Orphans' Court we find no approval of any such mortgage, which is necessary to its validity, as held in the case of Morgan's Appeal, 110 Pa. 271. The mortgage authorized to be negotiated was the guardian's mortgage for money to be borrowed for the wards. The mortgage executed, but never reported or approved, was a joint mortgage with others to secure another's debt. As to the wards' interest the mortgage was and is on its face void, and no judgment against the guardian can validate it.

This view renders it unnecessary to decide formally other important questions that are fairly raised in the case. We do not decide that where a guardian is dead, or has from any other cause ceased to be guardian, a scire facias against the guardian who executed the mortgage, is good against the former ward. We doubt it. Neither is it necessary in this case to decide on the contention of defendant's attorneys that the acknowledgment by a part of the mortgagors and a record of the mortgage is good against all, and that a certified copy of the record is good evidence against all who purport to have signed.

And now, December 27, 1886, after argument and upon consideration of the question of law reserved, the court being of the opinion that the law is with the plaintiffs, it is ordered that upon payment of the verdict fee, judgment be entered upon the verdict. [2]

Judgment having been entered, the defendants took this writ, assigning for error:

1. The admission of plaintiff's offer.[1]

2. The order for judgment for the plaintiffs.[2]

*Mr. J. M. Swearingen* (with him *Mr. W. B. Rodgers*), for the plaintiffs in error:

1. The two returns of nihil by the sheriff to the writ of scire facias upon the mortgage were the equivalent of a return of scire feci. The judgment thereon was conclusive and could not be attacked collaterally: Tryon v. Munson, 77 Pa. 250; Hartman v. Ogborn, 54 Pa. 120; Warder v. Tainter, 4 W. 270. It was error, therefore, to admit evidence that E. G. Krehan was not living at the time the scire facias issued.

2. The mortgage was merged in the judgment, and even if null and void, the judgment cannot be impeached collaterally: Hauer's App., 5 W. & S. 475; Hartman v. Ogborn, 54 Pa. 120; Butterfield's App., 77 Pa. 197; Tryon v. Munson, 77 Pa. 250; Michaelis v. Brawley, 109 Pa. 7; Levan v. Milholland, 114 Pa. 49. Dorris v. Erwin, 101 Pa. 239, is distinguished, as it simply decides that a married woman's mortgage of her estate in lands does not bind another and different estate of which she subsequently became vested.

3. But the guardian had ample authority to execute the mortgage in controversy. The facts set forth in the petition gave the Orphans' Court jurisdiction to make the order which was made, and afterwards there was nothing to be done, but execute the mortgage. Morgan's Appeal, 110 Pa. 271, is not in point. In that case there was a mere order to an administrator to mortgage for the payment of debts, on such terms as the administrator might deem expedient; no amount was named, no bond required, no rate of interest fixed. Moreover in that case there was a direct attack upon the mortgage; here there is a collateral attack.

There was no argument in behalf of the defendants in error.

OPINION, MR. JUSTICE PAXSON:

We think it was error to admit the evidence referred to in the first specification. The judgment upon the scire facias was taken upon two returns of "nihil." That this is the equivalent of a return of scire feci to a scire facias upon a

mortgage is settled by Hartman v. Ogborn, 54 Pa. 120 ; Tryon v. Munson, 77 Pa. 250.    And this is so even if the mortgagor be dead at the time the writ issues: Warder v. Tainter, 4 W. 270.

The second assignment alleges that the court below erred in entering judgment for the plaintiffs upon the verdict.

This was an ejectment brought by the heirs of Henry Weigle, deceased, against the purchaser at a sheriff's sale of the premises in dispute.    He claims the title of the widow and heirs of the said Weigle by virtue of a sale under a mortgage given by a former guardian of the minor children of said Weigle, in which the widow joined as a party in interest. Judgment had been obtained upon the mortgage; the property sold upon a levari facias, and bought by the plaintiff in error.

The court below held that the mortgage was invalid and that the purchaser took no title.    Various reasons were given for this ruling, the principal one of which was, that it did not appear by the proceedings in the Orphans' Court that the guardian had made a return to the order to mortgage, and there was no confirmation thereof.    Morgan's Appeal, 110 Pa. 271, was cited in support of this position.    But the learned judge entirely overlooked the fact that in that case no rights of third parties had intervened.    Here we have a purchaser at sheriff's sale of the mortgaged premises.    He was not bound to look beyond the judgment on the mortgage.    That is conclusive between the parties to the mortgage as to its amount, and that the interest of the mortgagor at the date of the mortgage should be taken in execution for the payment thereof: Dorris v. Erwin, 101 Pa. 239.    After a scire facias on a mortgage has ripened into a judgment, the mortgage is merged in it, and even if null and void is no longer open to attack: Hartman v. Ogborn, supra.

The judgment is reversed and judgment for the defendant non obstante veredicto.