# Wayne County Bank and Trust Co. v. Hutchinson Estate

*Richard D. Ballou,* for plaintiff.
*Lee C. Krause,* for defendants.

MARSH, *P.J., 43rd Judicial District, Specially Presiding,* January 22, 1980—This matter concerns exceptions to the sheriff's proposed schedule of distribution of the proceeds from the sheriff's sale of certain real estate of the John G. Hutchinson Estate. Said controversy comes before us in response to a rule to show cause issued by the Honor-

able Fred W. Davis, Senior Judge, specially presiding.

The facts of the case are as follows. On March 24, 1979, John G. Hutchinson died insolvent, leaving a will which was probated on March 28, 1979. On July 20, 1979, Wayne County Bank and Trust Company (bank) filed a complaint in mortgage foreclosure against decedent's estate and Charlotte Hutchinson, decedent's mother. Such action was taken on account of defendants' failure and refusal to make the required payments pursuant to the mortgage entered into by the parties on October 25, 1977, regarding certain property located in Mount Pleasant Township, Wayne County, Pennsylvania. A total amount of $85,091.44 was alleged due on the mortgage. As neither defendant entered an appearance or filed an answer to said complaint, the bank praeciped the prothonotary on August 16, 1979, to enter a default judgment and writ of execution.

On September 27, 1979, the bank purchased the foreclosed property at the sheriff's sale with a bid of "Debt, costs, taxes and $1.00 (one dollar)." Previously, on July 27, 1979, defendant Lee C. Krause filed a proof of claim with the sheriff for the sum of $4,000 for his executor's fee and attorney's commission for representation of the estate.

On October 18, 1979, Sheriff Henry W. Kalinowski filed the proposed schedule of distribution from the September 27, 1979, sheriff's sale. The sheriff included Mr. Krause's proof of claim for administration costs for decedent's estate in this schedule. The bank filed exceptions, and in consideration thereof, Judge Davis issued upon Mr. Krause a rule to show cause why his claim should be allowed. A hearing on this matter was held on

December 26, 1979, before the Honorable James R. Marsh, specially presiding.

The bank presents three grounds for its exceptions, to wit: that the proof of claim is defective because it fails to assert a legally identifiable source and basis upon which the claim is made; that decedent's foreclosed land was not properly includable as an asset upon which a claim for costs of administration can be paid; and that, even if the foreclosed land were subject to the estate's administration costs, said costs as requested would be excessive in light of the fact that decedent's estate is insolvent.

It is our view that the sheriff improperly included Mr. Krause's proof of claim in his proposed schedule of distribution. It is true that Mr. Krause's proof of claim was sufficient to comply with section 3384(a) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, sec. 2, 20 Pa.C.S.A. §3384(a), but to what purpose? The purpose of said section is not to bring claims against foreclosed property at a sheriff's sale, but rather to provide written notice to a decedent's personal representative in order to facilitate an orderly process of making claims against the assets of a decedent's estate.

In effect, Mr. Krause has proposed that the foreclosed land was an asset of decedent's estate, for this is the only way the land could be subject to his claim for administration expenses. We do not agree. We derive our rationale from fundamental mortgage law. In Pennsylvania, the lien and title theories of mortgages are combined to create a "dual theory." Judge Gwilym A. Price of the Superior Court, while a judge of Allegheny County Court of Common Pleas, discussed this concept in Lott v. Guiden, 113 Pitts.L.J. 175, 178 (1965), aff'd

205 Pa. Superior Ct. 519, 211 A. 2d 72 (1965). There he favorably cited William H. Lloyd's article entitled The Mortgage Theory of Pennsylvania, 73 U. of P.L.R. 43 (1924), for the following statement:

"The mortgage is certainly in the form of a conveyance and, as between the parties the title is in the mortgagee in so far as it is necessary to render the instrument effective as a security. As to all other persons, the mortgagor is regarded as the owner, and the mortgage a mere incumbrance and accessory to the debt."

See also Eastgate Enterprises, Inc. v. Bank & Trust Company of Old York Road, 236 Pa. Superior Ct. 503, 507, 345 A. 2d 279, 281 (1975). This proposition affects the whole structure of mortgage law in the Commonwealth because it delineates the right of the essential parties to the mortgage. Even with the mortgagor's death, these rights remain undisturbed. This is evidenced by the mortgagee's continuing right to foreclose despite the mortgagor's demise: Murray v. Weigle, 118 Pa. 159, 164, 11 Atl. 781, 782 (1888); 25 P.L.E. Mortgages §206.

In Pennsylvania a defaulting mortgagor of land has a right to redemption upon payment of the mortgage debt prior to completion of the sheriff's sale. Failing that, he has the right to receive that amount of proceeds of the sale which are in excess of the mortgage debt: In re Evergreen Memorial Park Association, 308 F. 2d 65, 67 (3d Cir. 1962). See also Pennsylvania Company for Insurances on Lives and Granting Annuities v. Broad Street Hospital, 354 Pa. 123, 47 A. 2d 281 (1946). Where a deceased mortgagee's estate does not pay off the mortgage debt prior to a sheriff's sale, it is limited in its protection to the surplus remaining after payment of the mortgage debt. Since this surplus does

not come into existence until the payment of the mortgage debt, likewise it cannot become an asset of the decedent's estate until after that time. Even had there been a surplus after the sale, which in the instant case there was not, it still would have been improper practice for Mr. Krause to claim his administrative expenses and commissions on this undistributed principal at the time which he did. Rather, he should have waited until the final accounting was filed and his duties were terminated: Lare Estate, 368 Pa. 570, 573, 84 A. 2d 334, 336 (1951).

Interestingly, a situation that is somewhat analogous to this present circumstance arose in the relatively ancient case of Boud's Appeal, 2 Pennypacker 241 (1882). There the Supreme Court affirmed per curiam the confirmation by the orphan's court of an auditor's report distributing the balance of an insolvent decedent's estate. It was there held that the administrator of the estate was not entitled, as against a mortgagee of decedent, to credit for the funeral expenses of decedent out of the proceeds of real estate which was the subject of a mortgage.

Concerning the third and last of the bases for the bank's exceptions, because of the foregoing, we do not deem it necessary to presently determine the alleged excessiveness of the claimed administration expenses.

Therefore, we make the following

## ORDER

And now, January 22, 1980, the court sustains, in accordance with the accompanying opinion, the exceptions to the sheriff's proposed schedule of distribution of the proceeds of the September 27, 1979 sheriff's sale.